UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RICARDO L. RIVERA,

     Plaintiff,

v.

POMELLATO USA, INC.
a/k/a POMELLATO AVENTURA,
DECO INTERNATIONAL
SECURITY CORPORATION, and
THOMAS SANON-JULES, individually

     Defendants,
_____/

## COMPLAINT

The Plaintiff, RICARDO L. RIVERA, by and through undersigned counsel, hereby sues Defendants POMELLATO USA, INC., a/k/a POMELLATO AVENTURA, DECO INTERNATIONAL SECURITY CORPORATION, and THOMAS SANON-JULES, individually, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff RICARDO L. RIVERA, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendants' discriminatory treatment and Retaliation based on his Race, Color, and Ethnicity, (Hispanic).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff RICARDO L. RIVERA is a resident of Miami-Dade County, who was employed by Defendant DECO INTERNATIONAL SECURITY CORPORATION and is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

7. DECO INTERNATIONAL SECURITY CORPORATION (hereinafter DECO SECURITY, or "Defendant") is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court. Defendant DECO SECURITY provides security and surveillance services to its corporate clients.

8. The Individual Defendant THOMAS SANON-JULES was and is owner/partner and directed operations of the Defendant Corporation DECO SECURITY. Individual Defendant THOMAS SANON-JULES was the "employer" of Plaintiff

within the meaning of Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

9. Defendant POMELLATO USA, INC., a/k/a POMELLATO AVENTURA, (hereinafter POMELLATO or "Defendant"), is a foreign profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

10. Defendant POMELLATO is a client company of DECO SECURITY. Defendant POMELLATO contracted DECO SECURITY as its provider of security and surveillance services.

11. At all times relevant to this complaint, Plaintiff RICARDO L. RIVERA was employed by DECO SECURITY and THOMAS SANON-JULES to work as a security guard at POMELLATO store, and the parties had a contractual relationship with each other.

## STATEMENT OF FACTS

12. Plaintiff RICARDO L. RIVERA is a 63-year-old Hispanic male, of Peruvian national origin. Plaintiff is a resident of Miami Beach, Dade County, who was employed by Defendant DECO SECURITY. The Plaintiff is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

13. Corporate Defendant DECO SECURITY is a Florida corporation that provides security services to businesses, residential communities, institutions, construction sites, etc. Defendant has offices located at 407 Lincoln Road, Suite 12-J, Miami Beach Florida 33139 where Plaintiff worked.

14. POMELLATO is a retail store located in Aventura Mall, in Aventura, Florida. Defendant POMELLATO sells jewelry, watches, and accessories. Defendant POMELLATO contracted DECO SECURITY to provide security and surveillance services.

15. The Defendant DECO SECURITY employed Plaintiff RICARDO L. RIVERA approximately from October 01, 2017, to September 9, 2018, or 49 weeks.

16. Plaintiff was hired as a non-exempted full-time, hourly, security guard, and he had security guard duties. DECO SECURITY sent Plaintiff to work as a security guard in the workplace of its corporate clients. Plaintiff was paid at the rate of $10.00 an hour.

17. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.  Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy.

18. However, during his time of employment with Defendant DECO SECURITY, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment, and subjected to a discriminatory discharge because of his Race and Color (Hispanic).

19. Plaintiff began to experience unlawful discrimination when he was assigned to work as a security guard at DECO SECURITY's corporate client POMELLATO store.  Plaintiff does not remember exactly his starting date, but he believes it was around June 2018.

20. As soon as he began to work at the POMELLATO store, Plaintiff learned that its manager Laura LNU (or person in charge of the store) hated Hispanic people.

21. The Plaintiff suffered disrespectful and abusive treatment at the hands of his immediate supervisor, Manager Laura LNU.  The Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race, Color, and Ethnicity (Hispanic).

22. On daily basis, Manager Laura LNU made derogatory remarks about Hispanic people and she freely expressed her animosity against Plaintiff and Hispanic people, including customers. Manager Laura LNU requested Plaintiff to be especially vigilant when Hispanic customers were shopping at the store because she said Hispanic customers were thieves.

23. Manager Laura LNU did not refer to Plaintiff by his name, Ricardo, she referred to him using insults and profanities like "Hispanic/Latin mother fu….r". Plaintiff also witnesses how Manager Laura LNU mistreated store employee Ricardo Martinez, who stated that he had already complained about racial discrimination perpetrated by Manager Laura LNU, but he had not gotten any relief and the abusive treatment continued.

24. Plaintiff opposed the conduct of Manager Laura LNU, and he demanded her to stop her discriminatory and offensive remarks against Hispanic people several times. Plaintiff requested Manager Laura LNU to let him work in peace.

25. The frequent, severe, and offensive conduct of Manager Laura LNU created a hostile work environment for the Plaintiff, in violation of 42 U.S.C. §1981.

26. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that his superior did not like him because he was Hispanic, and she was looking for excuses to humiliate him, to get him in trouble, and to fire him.

27. Approximately on September 8, 2018, Manager Laura LNU had an outburst of anger against Plaintiff, and she began to proffer insults against Hispanics, Plaintiff requested her to stop, but she did not pay attention and began to scream out of control: "I don't like Latinos, that is why I voted for Donald Trump, to get them all out of America because they are miserable people, who enter this country illegally, and are all rapists and criminals, who fill themselves with children so that the government supports them, and because of that I have to pay more taxes, to support the Obama care and food stamps for them".

28. Plaintiff kept silent; he was scared by the racial hatred expressed by the manager against Hispanic/Latin people.  He was so scared, that he decided to talk to POMELLATO's General Manager Ms. Dana LNU about the conduct of Manager Laura LNU. Plaintiff was afraid about the racially motivated aggressiveness displayed by Manager Laura LNU against him.

29. The same day, Plaintiff informed Ms. Dana LNU about the wrongful discriminatory conduct of Manager Laura LNU.  Plaintiff complained to Ms. Dana LNU about the harassment he was suffering on basis of his Race, Color, and Hispanic Ethnicity. Ms. Dana LNU promised Plaintiff to investigate.

30. This complaint constituted protected activity under 42 U.S.C. §1981.

31. The same day, Plaintiff also reported the incident to his employer THOMAS SANON-JULES and told him about the insults, and harassment on basis of his race and Hispanic Ethnicity he was suffering. This individual answered Plaintiff: "If Donald Trump insults Hispanic people and nobody does anything to him, why she cannot do it (referring to Manager Laura LNU")".

32. This complaint constituted protected activity under 42 U.S.C. §1981.

33. The next day Plaintiff reported to work, and that was his last day, DECO SECURITY's owner THOMAS SANON-JULES called Plaintiff and fired him. THOMAS SANON-JULES ordered Plaintiff not to report to work again because he was terminated.

34. Immediately after Plaintiff complained about the discrimination and harassment on basis of his Race, Color, and Hispanic Ethnicity he was suffering at POMELLATO store, DECO SECURITY's owner THOMAS SANON-JULES fired Plaintiff.

35. Upon Plaintiff's information and belief, Defendant POMELLATO requested Plaintiff's termination.

36. At the times mentioned, individual Defendant THOMAS SANON-JULES was the owner/partner and operator of DECO SECURITY. Defendant THOMAS SANON-JULES was the employer of Plaintiff and others similarly situated within the meaning of Section 42 U.S.C. §1981.  This individual Defendant acted directly in the interests of corporate Defendant DECO SECURITY concerning its employees, including Plaintiff and others similarly situated.  Defendant THOMAS SANON-JULES had financial and operational control of the Corporation, he was responsible

for the Plaintiff's working conditions, and he is jointly and severally liable for Plaintiff's damages.

37. On or about September 9, 2018, Plaintiff was wrongfully discharged by the Defendants and his human and civil rights were violated. The Plaintiff's discharge was directly and proximately caused by Defendants' unjustified discrimination and harassment because of Plaintiff's Race, Color, and Ethnicity, in violation of both Federal and State Laws.

38. Defendant DECO SECURITY is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected despite Defendants' knowledge that such discrimination, harassment, was occurring.

39. Defendant POMELLATO intentionally discriminated against Plaintiff based on his Race as Hispanic and willfully interfered with Plaintiff's contractual relationship with DECO SECURITY.

40. Defendant POMELLATO is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, was occurring.

41. As a direct and proximate result of the acts or omissions of Defendants DECO SECURITY, THOMAS SANON-JULES, and POMELLATO Plaintiff RICARDO L. RIVERA has suffered damages.

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY; AGAINST DEFENDANTS DECO SECURITY, and THOMAS SANON-JULES**

42. Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

43. This is an action against DECO SECURITY, and THOMAS SANON-JULES for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

44. At all times material hereto Defendants DECO SECURITY and THOMAS SANON-JULES were "employers" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

45. At all times material hereto, Plaintiff RICARDO L. RIVERA was an "employee" and had a contractual relationship with the Defendants within the meaning of 42 U.S.C. §1981.

46. Plaintiff RICARDO L. RIVERA had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at DECO SECURITY.

47. The Defendants DECO SECURITY and THOMAS SANON-JULES have intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of his Race, Color, and Ethnicity, Hispanic.

48. The Defendants subjected Plaintiff RICARDO L. RIVERA to different adverse

employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

49. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race, Color, and Ethnicity.

50. As a direct and proximate result of the intentional violations by the Defendants of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees, and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendants' discriminatory practices unless and until this Court grants relief.

52. The actions of the Defendants DECO SECURITY and THOMAS SANON-JULES and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for their actions and to deter it, and others, from such actions in the future.

53. Plaintiff RICARDO L. RIVERA has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICARDO L. RIVERA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RICARDO L. RIVERA and against the Defendants DECO SECURITY and THOMAS SANON-JULES based on the Defendants' willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

JURY TRIAL DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury.

COUNT II:
RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866,
42 U.S.C., SECTION 1981; AGAINST DEFENDANTS DECO SECURITY, and
THOMAS SANON-JULES

54. The Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-41 of this complaint as if set out in full herein.

55. Plaintiff RICARDO L. RIVERA and Defendants DECO SECURITY and THOMAS SANON-JULES had a contractual relationship.

56. The Defendants DECO SECURITY and THOMAS SANON-JULES precluded

Plaintiff from performing the stated contractual relationship when Defendants terminated Plaintiff.

57. The Defendants terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, as more particularly described above.

58. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

59. The actions of the Defendants DECO SECURITY and THOMAS SANON-JULES and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

60. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICARDO L. RIVERA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RICARDO L. RIVERA and against Defendants DECO SECURITY and THOMAS SANON-JULES based on Defendants' willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY; AGAINST DEFENDANT POMELLATO

61. Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

62. This is an action against Defendant POMELLATO for unlawful discrimination pursuant to 42 U.S.C., Section 1981, *et seq.*

63. By virtue of its contractual relationship with DECO SECURITY, at all times material hereto Defendant POMELLATO was an "employer", or joint employer of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

64. At all times material hereto, Plaintiff RICARDO L. RIVERA was an "employee" and had a contractual relationship with the Defendant within the meaning of 42 U.S.C. §1981.

65. Plaintiff RICARDO L. RIVERA had at all times material, and continue to have, a

federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at POMELLATO.

66. Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, *et seq.* by treating Plaintiff differently from similarly situated employees because of his Race and Color.

67. Defendant subjected Plaintiff RICARDO L. RIVERA to different adverse employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

68. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race, Color, and Ethnicity, Hispanic.

69. Defendant POMELLATO intentionally discriminated against Plaintiff based on his Race as Hispanic and willfully interfered with Plaintiff's contractual relationship with DECO SECURITY.

70. Defendant POMELLATO precluded Plaintiff from performing the stated contractual relationship when Plaintiff was terminated.

71. Defendant POMELLATO intentionally discriminated against Plaintiff based on his Race as Hispanic and willfully interfered with Plaintiff's contractual relationship with DECO SECURITY.

72. As a direct and proximate result of Defendant's intentional violations of Plaintiff's

rights under 42 U.S.C. § 1981, *et seq.* by treating him differently from similarly situated employees, and subjecting him to racial harassment because of his Race, Color, and Ethnicity, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendant's discriminatory practices unless and until this Court grants relief.

74. The actions of Defendant POMELLATO and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages according to federal law, to punish the Defendant POMELLATO for its actions and to deter it, and others, from such actions in the future.

75. Plaintiff RICARDO L. RIVERA has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff RICARDO L. RIVERA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RICARDO L. RIVERA and against Defendant POMELLATO based on Defendant's willful violations of 42 U.S.C. §1981; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C. Award Plaintiff as to this count prejudgment interest; and

    D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

    E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

### JURY TRIAL DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury.

### COUNT IV: RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981, AGAINST POMELLATO

76. The Plaintiff RICARDO L. RIVERA re-adopts every factual allegation as stated in paragraphs 1-41 of this complaint as if set out in full herein.

77. This is an action against Defendant POMELLATO for unlawful retaliation pursuant to 42 U.S.C., Section 198, *et seq.*

78. By virtue of its contractual relationship with DECO SECURITY, at all times material hereto Defendant POMELLATO was an "employer", or joint employer of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

79. At all times material hereto, Plaintiff RICARDO L. RIVERA was an "employee" and had a contractual relationship with the Defendant within the meaning of 42 U.S.C. §1981.

80. Plaintiff RICARDO L. RIVERA and Defendant DECO SECURITY had a

contractual relationship.

81. Defendant POMELLATO precluded Plaintiff from performing the stated contractual relationship when Defendant caused Plaintiff's termination.

82. Upon Plaintiff's information and belief, Defendant POMELLATO requested Plaintiff's termination from his employment.

83. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, Hispanic, as more particularly described above.

84. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

85. The actions of the Defendant POMELLATO and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant DECO SECURITY for its actions and to deter it, and others, from such actions in the future.

86. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICARDO L. RIVERA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant POMELLATO based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff RICARDO L. RIVERA demands trial by a jury of all issues triable as of right by a jury.

Dated: December 23, 2020

Respectfully submitted,

By: __/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*